JOURNAL ENTRY and OPINION
This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, and appellant's brief. Appellant, State of Ohio, appeals the trial court's termination of post-release control over defendant-appellee, Fredrick A. Sullivan. Upon defendant's motion, the trial court terminated post-release control based on this Court's holding in State v. Jones (Sept. 2, 1999), Cuyahoga App. No. 74247, unreported, 1999 LEXIS 4078. In Jones this Court held that R.C. 2967.28, Ohio's post-release control statute, was unconstitutional. The State filed a timely appeal of the trial court's order, and this Court granted appellant's motion to stay while the Jones appeal was pending.
The Ohio Supreme Court overturned Jones based on its finding in Woods v. Telb (2000), 89 Ohio St.3d 504, that R.C. 2967.28 does not violate due process protections or the separation of powers doctrine.
Appellant raises a single assignment of error which argues:
 I. R.C. 2967.28 DOES NOT VIOLATE THE SEPARATION OF POWERS DOCTRINE OR THE DUE PROCESS CLAUSES OF THE UNITED STATES OR OHIO CONSTITUTIONS.
Based on the Ohio Supreme Court's decision in Woods, this Court finds that appellant's assignment of error has merit. Therefore, the trial court's order terminating post-release control is reversed, and the case is remanded to reinstate the sentence of post-release control.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J. and FRANK D. CELEBREZZE, JR., J. CONCUR.
 ____________________________ COLLEEN CONWAY COONEY, JUDGE